NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1117
_____

CHUI SONG LIU,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-936-013)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2010
Before:  SCIRICA, FISHER AND ALDISERT, Circuit Judges

(Filed:  December 10, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Chui Song Liu petitions for review of the Board of Immigration Appeals' ("BIA")

final order of removal.  In its order, the BIA affirmed the Immigration Judge's ("IJ")

decision to deny Liu's application for asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT").  We will deny the petition.

Liu, native and citizen of China, entered the United States without inspection in 2006. In March 2007, he filed an asylum application with the Department of Homeland Security ("DHS"). In the application, Liu claimed that if returned to China he would face persecution for having left the country illegally. He also claimed that, because his wife had been forcibly sterilized before he left China, their two Chinese-born children would be persecuted under the population control policies when they became adults. Liu specifically indicated in the application that he had never been "accused, charged, arrested, detained, interrogated . . . or imprisoned in any country other than the United States." See Administrative Record ("A.R.") at 422.

In April 2007, DHS denied Liu's asylum application and issued him a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). Liu conceded removability and, in September 2007, he filed an amended application for asylum and related relief. The amended application contained new allegations that he had been beaten and detained by family planning officials in China when he protested his wife's alleged forced sterilization. Specifically, he claimed that he had been beaten by five individuals and suffered injuries to his back and chest which required medical attention. He further indicated that he was arrested and detained for a period after the beating.

Following a March 2009 merits hearing, the IJ denied Liu's application. The IJ concluded that Liu: (i) failed to demonstrate that he will be persecuted for having

illegally departed China; (ii) did not establish per se persecution based on his wife's alleged forced sterilization; (iii) lacked credibility with regard to his claim of other resistance to China's population control policy, and thus, was unable to demonstrate past persecution or a likelihood of future persecution on account of a protected ground; and (iv) failed to demonstrate eligibility for CAT relief.

Liu appealed the IJ's decision and, in December 2009, the BIA dismissed the appeal, affirming the IJ's ruling in all respects. Liu filed a timely petition for review in this Court.

## II.

This Court has authority to review final orders of removal. See 8 U.S.C. § 1252(a). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F. 3d 215, 222 (3d Cir. 2004). The BIA's factual determinations are upheld if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We review an adverse credibility determination under the substantial evidence standard. Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). Under this deferential standard of review, this Court must uphold a credibility determination unless "any

reasonable adjudicator would be compelled to conclude to the contrary." Gao v.Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (quoting INA § 242(b)(4)(B)).[1]

In his brief, Liu argues that the IJ and BIA erred in concluding that he lacked credibility with regard to his claim of other resistance. He further argues that because he testified credibly as to his experiences in China, the IJ and BIA unreasonably concluded that he failed to demonstrate past persecution as defined under the INA. (See Petitioner's Brief ("Pet Br.") at 10-11.)[2]

We conclude that the adverse credibility determination in this case is supported by substantial evidence. The IJ and BIA identified several substantial omissions and inconsistencies between the information that Liu provided in his first asylum application, and that provided in his amended application and during the administrative hearing.

In rendering the adverse credibility finding, the IJ relied on the following: (i) the significant omission from Liu's initial asylum application that he had been arrested,

---

[1]Because Liu filed his asylum application after May 11, 2005, the provisions of the REAL ID Act governing credibility determinations in asylum applications apply. See Chukwu v. Att'y Gen. of the U.S., 484 F.3d 185, 189 (3d Cir. 2007). Under the REAL ID Act, a trier of fact may base a credibility determination on inconsistencies, inherent implausibilities, inaccuracies, and other factors, without regard to whether they relate to the heart of an applicant's claim. See INA § 208(b)(1)(B)(iii).

[2] We note that Liu has failed to brief, and has therefore waived review, of the following agency determinations: (i) that he failed to demonstrate that he will persecuted for leaving China illegally; (ii) that, as a matter of law, his persecution claim was foreclosed to the extent he sought asylum on the basis of his wife's alleged forced sterilization; and (iii) that he failed to demonstrate eligibility for relief under the CAT. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

4

beaten, and detained by family planning officials, and that he suffered injuries requiring him to miss work; (ii) that same omission from his wife's letter supporting his first application; (iii) his explicit denial in his initial application that he had ever been arrested or detained in China; (iv) his inability to provide corroborating evidence with respect to his arrest, injuries, purchase of medicine, and absence from work; and (v) his inability to adequately explain any of the significant omissions and discrepancies which undermined his claim.

This Court has held that the omission of a material event from an asylum application may support an adverse credibility finding. Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004). Particularly, omissions concerning actions taken by family planning officials are not minor or excusable and may support such a finding. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 150, 157 (3d Cir. 2009) (en banc).

Liu argues unpersuasively that: (i) the reasons for the omissions in his initial application were not adequately explored by the IJ; (ii) there was a "mistake" made in preparing that application which caused the omissions; and (iii) his statement in his initial application that he had not been previously arrested or detained did not necessarily contradict his testimony. See Pet. Br. at 16-17.

The record reflects that Liu was given adequate opportunity to explain why he failed to reference his altercation with family planning officials in his initial application. He offered several explanations. Liu first testified that he did not think the altercation was important, but admitted that he was told to include the information in his amended

5

application so that a judge would grant him asylum. (A.R. at 146, 149-51.) Li also explained that the omission had been a "mistake." (Id. at 158-59.) However, when asked by his attorney to explain the alleged mistake, Liu replied, "[d]on't know." (Id.) Liu was also unable to explain why his wife, who he stated was aware of the alleged altercation, failed to mention it in her letter supporting Liu's first asylum application, but included it in her letter supporting his amended application. (Id. at 141-43.)

In his brief, Liu does not dispute that the omissions are material. Indeed, Liu offers the altercation with family planning officials as central support for his persecution claim. He does not cite any authority suggesting that one may omit a material claim from an asylum application and still be deemed credible.[3] Furthermore, we agree with the IJ and BIA that Liu's explanations at the administrative hearing for the inconsistencies and omissions were inadequate. See Ezeagwu v. Mukasey, 537 F.3d 836, 839-40 (8th Cir. 2008) (upholding adverse credibility finding where petitioner "forgot" to mention his detention and abuse).

In sum, given that the BIA's and IJ's adverse credibility determinations are

---

[3] To the extent that Liu asserts that there is no inconsistency between his specific indication in his initial asylum application that he had never been arrested or detained and his hearing testimony, because he was not detained in a "penitentiary facility," and because no "police" were involved during the incident with the planning officials, we find the argument unpersuasive. See Pet. Br. at 17. The record demonstrates that Liu specifically testified that he "was arrested and detained" in China, and that he understood that the family planning officials had authority to do so. (A.R. at 158-59.)

supported by sufficient, cogent reasons, we will defer to their findings.  See Butt v. Gonzales, 429 F.3d 430, 434 (3d Cir. 2005).  Because Liu was unable to establish through "specific facts and credible testimony," see Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004), that he experienced past persecution or that he had a well-founded fear of future persecution, asylum was properly denied.  See 8 U.S.C. § 1101(a)(42)(A); Ghebrehiwot v. Att'y Gen., 467 F.3d 344, 351 (3d Cir. 2006).

Accordingly, we will deny the petition for review.